

FILED
SUPERIOR COURT
OF GUAM

2014 JUN 19 PM 4: 28

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

| | | |
|---|---|---|
| FRONTIER SUPPLY COMPANY, | ) | Civil Case no. CV1007-12 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **DECISION AND ORDER** |
| M2P, INC. and MYUNG JIN PARK, | ) ) | |
| Defendants. | ) ) ) | |

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants' motion to vacate was taken under advisement by the Honorable Judge Michael J. Bordallo on April 23, 2014. Defendants were represented by attorney Gary W. Francis Gumataotao. Plaintiff was represented by attorney Peter Perez. After having carefully considered, received, and reviewed the arguments, papers, and the file herein, the Court hereby grants in part Defendants' motion.

## BACKGROUND

This matter arises out of a January 6, 2014, Order to Show Cause Re: Contempt, prepared by the Plaintiff and signed by the Magistrate Judge for the Superior Court of Guam. The order mandated that the Defendants appear before the Superior Court of Guam on March 6, 2014, at 9:00 a.m. In their motion Defendants assert that the order failed to specify the address of the Superior Court of Guam or specify that their appearance was required at the Court's satellite division in the Dededo Town Center. They assert that they appeared at the required time at the Superior Court in Hagatna and were only then notified that they needed to go to the satellite

Page 1 of 3

division. Upon their arrival at the satellite division Defendants were informed that the case had already been heard and an order of contempt issued as well as a warrant of arrest. The warrant was effectuated upon the Defendants and they were required to post $2,500.00 for their release.

Because the January 6, 2014, order did not identify which court the Defendants were required to appear, they argue and request that the subsequent orders be vacated. In support of this request Defendants cite to rules 6(b), 55(c) and 60(b) of the Guam Rules of Civil Procedure. They argue that their good faith actions support a finding of excusable neglect and that the principles of due process and comparable precedent, in cases of setting aside default judgment, support an order vacating the orders of contempt and arrest. Defendants also request that they be permitted to use their motion to vacate as an opposition paper.

Plaintiff did not file a paper in opposition to Defendants' request.

## DISCUSSION

Rule 60(b) of the Guam Rules of Civil Procedure provides in part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b). In this case a review of the papers reveals sufficient facts to support a finding of excusable neglect and inadequate notice in the Court's January 6, 2014 order and justifies voiding the Court's orders of March 6, 2014. *Id.*

Defendants request that their motion to vacate be considered an opposition is not adequately supported by argument or rule. *In re Estate of Concepcion*, 2003 Guam 12.

Accordingly it is denied.

## CONCLUSION

Based on the foregoing, the Defendants' motion to vacate is GRANTED in part. The Court's March 6, 2014 orders of contempt and warrant of arrest are hereby voided. The request to permit the consideration of Defendants' motion to vacate as an opposition is DENIED. This matter is hereby referred back to the Magistrate of the Superior Court of Guam to be set for further proceedings.

SO ORDERED, this / 7 day of _____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

G. Gumataotao

Ruth Perez

Date: 6/19/14 Time: 5 pm

Deputy Clerk, Superior Court of Guam